IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WACOH COMPANY,

Plaintiff,

v.

CHRYSLER LLC, FORD MOTOR COMPANY,
AMERICA HONDA MOTOR CO. INC.,
MAZDA MOTOR OF AMERICA, INC., GM CORPORATION,
VOLKSWAGEN GROUP OF AMERICA, INC.,
BMW OF NORTH AMERICA, LLC., MERCEDES-BENZ USA, LLC,
AMERICAN SUZUKI MOTOR CORPORATION,
ANALOG DEVICES, INC., and
FREESCALE SEMICONDUCTOR, INC.,

Defendants.

REPORT and
RECOMMENDATION

08-cv-456-slc

---

REPORT[1]

In this action for patent infringement, plaintiff Wacoh Company contends that defendants are infringing its United States Patent No. 6,512,364 (the '364 patent), which is directed at methods for testing certain sensors. Most of the defendants are automobile companies; plaintiff alleges that each of these companies infringes the '364 patent by "providing vehicles" that contain airbag restraint systems, anti-lock brake systems or electronic stability control systems that practice the method claimed in the '364 patent. Two defendants, Analog Devices, Inc. and Freescale Semiconductor, Inc., allegedly infringe because they provide the sensors used in the other defendants' vehicles. Now before the court is a motion brought by just one defendant, Volkswagen Group of America, Inc., to dismiss all claims against it on the ground that plaintiff lacks standing to assert them.

---

[1] Because the parties have declined to consent to the jurisdiction of the magistrate judge, the court is searching for a visiting district judge willing to preside over the trial in this case. In the meantime, to minimize the workload on the Article III judges, I will issue reports and recommendations on matters covered by 28 U.S.C. Section 636(b)(1)(B).

As an initial procedural matter, Wacoh has filed a second amended complaint that includes the same general allegations against the defendants but has added additional allegedly infringing products. But Rule 15(a) provides that Wacoh may not amend its complaint a second time as a "matter of course;" Wacoh instead seek leave of the court to do so. The court should excuse Wacoh's oversight; the first amended complaint was filed solely to incorporate intervening parties pursuant to the parties' agreement; perhaps Wacoh believed that this did not "count" as an amended complaint. Therefore, I will construe Wacoh's second amended complaint to include an implicit request for leave to file it and I am recommending that this court grant leave. There is no good reason that Wacoh should not be allowed to file a timely[2] amended complaint that provides helpful specifics regarding which of defendants' products allegedly infringe.

Next, although Volkswagen filed a motion to dismiss Wacoh's complaint, dkt. 67, and filed a new motion to dismiss Wacoh's amended complaint, dkt. 114, each of these motions technically was mooted upon the filing of a second amended complaint. Nevertheless, it is clear that Volkswagen continues to seek dismissal of the identical claims that Wacoh has carried over into its second amended complaint. At any rate, this court has an independent obligation to ensure that subject matter jurisdiction exists, *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1237 (2006), so it is proper to consider the standing issue regardless whether the particular motions have been mooted. *See also Pandrol USA, LP v. Airboss Railway Products, Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003) (court may raise issue of standing *sua sponte*). For the same reason, it is

[2] Wacoh attempted to file its second amended complaint on the November 21, 2008 deadline but CM/ECF rejected the filing for technical reasons. Wacoh refiled the next business day, Monday November 24. 2008. That's close enough.

proper to address the standing issue as it relates to *all* of Wacoh's claims, not just those claims asserted against the movant. With that, let's turn to the standing issue raised in Volkswagen's motion to dismiss:

Volkswagen contends that Wacoh lacks standing to sue for infringement that occurred before July 16, 2008 because it did not have standing to sue for past infringement when it filed this lawsuit in light of the fact that it failed to receive explicit assignment of that right prior to filing suit. I agree. Although this conclusion likely will result in nothing more serious than a delay in these proceedings, I see no way to avoid the problem. Wacoh's failure to receive explicit assignment before it filed suit means that it has suffered no "injury-in-fact" with regard to its claims for past infringement; therefore its standing to sue on those claims is deficient. In light of this conclusion, Wacoh's claims against all defendants for infringement that occurred before July 16, 2008 must be dismissed for lack of subject matter jurisdiction. This does not eliminate Wacoh's case or require dismissal of any defendant, it only splinters the proceedings. Wacoh since has received the standing it did not have at the time it filed this suit. Therefore, Wacoh may file a new lawsuit to raise its claims for past infringement. Such a filing is likely, and a subsequent motion to consolidate cases is virtually inevitable.

Because Volkswagen's motion to dismiss raises questions of standing and jurisdiction, I have considered materials outside the pleadings in resolving the matter, as the court is permitted to do. *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). I draw the following facts from the pleadings and the documents the parties have submitted in connection with their briefing of the motions.

FACTS

The '364 patent was issued on January 28, 2003. The named inventor is Kazuhiro Okada. No assignee is shown on the face of the patent. On July 16, 2008, Okada assigned his "entire right, title and interest" interest in the '364 patent to Wacoh.[3] The assignment did not include any other language assigning Okada's rights in the patent to Wacoh.

On August 6, 2008, Wacoh filed this lawsuit, alleging that Volkswagen and the other automobile defendants infringed "by providing . . . vehicle[s]" that include parts that practice the patented method for testing a sensor. In its second amended complaint, Wacoh alleges that each of the automobile defendants allegedly infringed and is infringing the patent by providing vehicles with models ranging from the years 2003 to 2009. The sensor-providing defendants allegedly infringe and are infringing the patent by providing sensors for these vehicles.

After Volkswagen filed its first motion to dismiss Wacoh's claims for lack of standing, Okada executed a so-called "*nunc pro tunc*" assignment in which he states that "Wacoh has the right to sue for past infringement" and that "at the time [Okada] assigned the [entire right, title and interest in and to the] '364 patent to Wacoh, [he] understood and intended that the entire right, title and interest included all past, present, and future, right, title and interest, including the right to sue for past infringement of the '364 patent." This new supplement to the original assignment is dated October 17, 2008.

---

[3] The assignment was to "Wacoh Corporation." Wacoh asserts that although its proper title is "Wacoh Company," it also IS known as "Wacoh Corporation."

ANALYSIS

Standing to sue is a threshold question and the party bringing the action bears the burden of establishing it. *Sicom Systems v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). In a case alleging patent infringement, the party with standing to sue for infringement of a patent is the "patentee," 35 U.S.C. § 281, which includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). The named inventor of a patent is the presumptive patentee, *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998), but a patentee may transfer his ownership interests by written assignment. 35 U.S.C. § 261. If a patentee assigns "all substantial rights" under the patent to another, the assignment operates as a transfer of title to the patent rights and the assignee is deemed the effective "patentee" for the purpose of bringing suit under 35 U.S.C. § 281. *Sicom*, 427 F.3d at 976.

It is undisputed that Wacoh was not the original "patentee" of the '364 patent. Wacoh was assigned the rights to the patent on July 16, 2008, when the inventor and patentee, Okada, assigned rights in the patent to Wacoh. There is no question that this assignment gave Wacoh standing to sue for infringement that occurred on or after July 16, 2008. Wacoh contends, however, that this assignment also gave Wacoh standing to sue for infringement that occurred before the assignment date.

As a general rule, only the owner of the patent *at the time of the infringement* can sue for damages, *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 43 (1923). As a result, an assignee generally does not have standing to sue for infringement that occurred before

it owned the patent. *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). The one exception to this rule occurs where the patentee has assigned the assignee the right to sue for past infringement above and beyond the general assignment of rights to the patent. *Id.* To assign the right to sue for past infringement, a patentee must insure that the assignment agreement "manifests an intent to transfer this right" because it cannot be inferred from the mere transfer of title to the patent. *Id.*; *see also Moore v. Marsh*, 74 U.S. (7 Wall.) 515, 522 (1868) ("it is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such an assignment); *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991) (citing cases).

Under this standard, the original assignment to Wacoh did not grant Wacoh the right to sue for past infringement because it simply assigned "the entire right, title and interest" in the patent to Wacoh. Such a general statement does not effect assignment of the right to sue for past infringement because it lacks an express provision demonstrating an intent to assign this right above and beyond assigning title to the patent. *Id.*; *see also Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210-11 (Fed. Cir. 1998) (original assignment alone did not transfer right to sue for past infringement because "although the original assignment transferred 'the entire right, title and interest to [the patent], it did not specify that the right to sue for past infringement was also included.")

Wacoh suggests that Okada's *nunc pro tunc* assignment signed in October serves to "clarify" the intent of the patentee in July when it assigned the "entire right, title and interest" in the patent. This suggestion only highlights the problem with the July assignment's failure explicitly to assign the right to sue for past infringement. In light of this conclusion, Wacoh

could not have been assigned a right to sue for past infringement until October 17, 2008, when the *nunc pro tunc* assignment was signed.

This does not bode well for Wacoh's current lawsuit. As a general rule, Wacoh must have standing to sue at the time the suit is brought and "*nunc pro tunc* assignments are not sufficient to confer retroactive standing." *Enzo APA & Son, Inc. v, Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (internal quotations omitted) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint if filed."). Although *nunc pro tunc* assignments cannot cure standing defects present at the time of filing, they can be used to head off issues of standing that arise in the course of litigation. *Mas-Hamilton*, 156 F.3d at 1211.

Wacoh contends that the application of Okada's *nunc pro tunc* assignment does not constitute an attempt to "confer retroactive standing" as prohibited by *Enzo*, 134 F.3d at 1093, but instead falls in line with its approved use in *Mas-Hamilton*, where it was used in circumstances where "standing was not deficient at the time this suit was filed." According to Wacoh, it had standing to bring this infringement suit because it was the "sole owner of the patent" at the time it filed suit. Under Wacoh's theory, all it needed for adequate standing at the time it filed suit was full current ownership of the patent; its subsequent receipt and invocation of the *nunc pro tunc* assignment does nothing more than clarify that the scope of its ownership included the right to sue for past infringement. But a closer look at the applicable law related to standing reveals that Wacoh's argument is simply lawyerly prestidigitation.

"The doctrine of standing limits federal judicial power and has both constitutional and prudential components." *Media Techs. Licensing, LLC. v. Upper Deck Co.*, 334 F.3d 1366, 1369

(Fed. Cir. 2003). Constitutional standing requires a Wacoh to demonstrate that it suffered an injury-in-fact that is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007). The "injury" present in patent infringement arises from the patentee's statutorily-created right to exclude; "[c]onstitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007); *see also Lujan*, 504 U.S. at 578 (citations omitted) (injury required by Article III may arise from invasion of statutes that create legal rights).

Thus, only "patentees" defined under the statute suffer constitutional injury-in-fact and, as noted above, an assignee is not a "patentee" for the purpose of suing for past infringement unless it has been assigned that right explicitly. This means that an assignee's standing is deficient at the time of filing a suit for past infringement unless it already has received an explicit assignment of the right to sue for past infringement. That is not the case here.

Perhaps Wacoh is suggesting that, because it had standing to sue on claims for future infringement when it filed suit, its foot was in the door regarding standing on past infringement claims, so that it could fix the assignment problem later under *Mas-Hamilton*. I disagree. "A plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984)). Thus, Wacoh's standing to assert past infringement claims must be assessed independently of its standing to assert future infringement claims and Wacoh cannot use a *nunc pro tunc* assignment to repair its deficiencies in standing.

Wacoh's final argument is that is that, as in *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 2007 U.S. Dist. LEXIS 43782 (W.D. Wis. June 14, 2007), its deficiencies in standing may be cured because they are "prudential in nature." This argument fails because, as I have concluded, Wacoh's standing problems are *constitutional* in nature. In *Silicon Graphics* there was no defect in constitutional standing, which freed the court to consider the impact of dismissal for lack of standing and to accept post-filing attempts to cure the problem.

This case and *Silicon Graphics are* similar in one important respect: in each case, a decision to dismiss claims for lack of standing can be viewed as "a waste of everyone's time." *Id.* at *9. In the event the district judge adopts this report and recommendation and dismisses Wacoh's claims, then Wacoh may revive those claims simply by filing a new lawsuit. This may seem like an inefficient glorification of form over substance, but it's not as if the court has a choice when the problem that needs fixing is of constitutional dimension.

Finally, let's consider the implications of this conclusion that Wacoh did not have standing to sue for past infringement. In Volkswagen's motion to dismiss, it sought dismissal of *all* claims against it on the ground that Wacoh's original complaint alleged infringement by Volkswagen only with respect to its providing vehicles dated from 2003 and 2004. Volkswagen should not be dismissed from this case for two reasons. In light of my recommendation that Wacoh be granted leave to amend its complaint to include additional products, the operative pleading would include allegations that Volkswagen's newer models also infringe, including 2008 and 2009 vehicles.

As I noted above, the conclusion that Wacoh lacked standing to sue for past infringement when it filed the instant lawsuit affects its claims against *all* defendants, not just Volkswagen.

Therefore, I am recommending dismissal of Wacoh's claims against all defendants insofar as they relate to infringement that occurred before July 16, 2008.

Because no visiting district judge has yet agreed to take this case, efficiency militates toward presenting this report and recommendation to Judge Crabb for review. The parties should not view this nod to pragmatism as a harbinger that Judge Crabb will assume jurisdiction over this lawsuit. Right now, she has more than enough patent cases of her own.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that:

1. Plaintiff Wacoh Company's motion for leave to file a second amended complaint be GRANTED;

2. Defendant Volkswagen Group of America's motion to dismiss for lack of subject matter jurisdiction be DENIED as moot; and

3. Plaintiff's claims against defendants Chrysler LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes-Benz USA, LLC, America Suzuki Motor Corporation, Analog Devices, Inc., Freescale Semiconductor, Inc. for infringement of United States Patent No. 6,512,364 be DISMISSED for lack of subject matter jurisdiction with regard to infringement that occurred before July 16, 2008.

Entered this 1st day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

December 1, 2008

Re: Wacoh Company v. Chrysler LLC, et al.
Case No. 08-cv-456-slc

Dear Counsel:

The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before December 15, 2008, by filing a memorandum with the court with a copy to opposing counsel.

If no memorandum is received by December 15, 2008, the court will proceed to consider the magistrate judge's Report and Recommendation.

Sincerely,

/s/
Melissa Hardin
Secretary to Magistrate Judge Crocker

Enclosures
cc: Honorable Barbara B. Crabb, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

(1) injunctive relief;

(2) judgment on the pleadings;

(3) summary judgment;

(4) to dismiss or quash an indictment or information;

(5) to suppress evidence in a criminal case;

(6) to dismiss or to permit maintenance of a class action;

(7) to dismiss for failure to state a claim upon which relief can be granted;

(8) to dismiss actions involuntarily; and

(9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals. *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).**